IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| GLOBAL VAN LINES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:07cv01965-RMC |
| ) | |
| GLOBAL MOVING SYSTEMS, INC., ) | Judge Rosemary M. Collyer |
| ) | |
| Defendant. ) | |

## MOTION TO CONTINUE PRELIMINARY INJUNCTION HEARING

COMES NOW Plaintiff GLOBAL VAN LINES, INC., ("Global"), by counsel, and hereby moves to continue the preliminary injunction hearing currently set for December 18, 2007. The grounds in support of this Motion as set forth in the accompanying Memorandum of Points and Authorities.

Dated: December 14, 2007.

> Respectfully submitted,
>
> DOMBROFF GILMORE JAQUES & FRENCH, PC
>
> By: /s/ Thomas B. Almy
> Thomas B. Almy (#371235)
> Morgan W. Campbell (admitted pro hac vice)
> 1676 International Drive, Penthouse
> McLean, VA 22102
> Tel. (703) 336-8723
> Fax (703) 336-8750
>
> Attorneys for Plaintiff Global Van Lines, Inc.

## CERTIFICATE OF SERVICE

      I hereby certify that on December 14, 2007, Plaintiff's Motion to Continue Preliminary Injunction Hearing was served on the persons identified below by the delivery method indicated:

Clerk's Office
United States District Court for the District of Columbia
By Electronic Document Filing System

Steven K. Kramer, Esq.
1120 Connecticut Ave., NW, Suite 4321
Washington, DC  20035
Fax (202) 659-0603
By U.S. First Class Mail, postage prepaid, and facsimile

Global Moving Systems, Inc.
1200 G St., NW
Washington, DC  20005
By U.S. First Class Mail, postage prepaid

Maureen Dwyer, Esq.
Pillsbury Winthrop Shaw Pittman, LLP
2300 N St., NW
Washington, DC  20037
By U.S. First Class Mail, postage prepaid


                                                     /s/ Thomas B. Almy
                                                     Thomas B. Almy

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| GLOBAL VAN LINES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:07cv01965-RMC |
| ) | |
| GLOBAL MOVING SYSTEMS, INC., ) | Judge Rosemary M. Collyer |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GLOBAL VAN LINES' MOTION TO CONTINUE THE PRELIMINARY INJUNCTION HEARING**

COMES NOW Plaintiff GLOBAL VAN LINES, INC. ("Global"), by counsel, and for its Memorandum of Points and Authorities in Support of its Motion to Continue the Preliminary Injunction Hearing states as follows:

### INTRODUCTION

A hearing on Global's Motion for a Preliminary Injunction is set for December 18, 2007. However, Global's counsel has learned that service on the Defendant may be invalid. Plaintiff requests a continuance to ensure service is properly effected.

### DETAILS OF SERVICE

1. On November 7, 2007, service was attempted on the registered agent Defendant has on file with the Department of Consumer and Regulatory Affairs of the District of Columbia ("DCRA"). See Affidavit of Process Server, attached as Exhibit 1 and Declaration of Morgan W. Campbell, attached as Exhibit 2, and printout of the pertinent webpage of the DCRA, attached as Exhibit 3.

2. The service attempt was unsuccessful because Defendant failed to maintain a proper registered agent – it did not maintain a regular business presence at the address on file with the

DCRA, but rather shared the office with other companies. The process server was informed that the Defendant only occasionally used the office; no one accepted service. See Exhibit 1.

3.  Global then performed further research on Defendant for the purpose of effecting service. Information obtained from the Federal Motor Carrier Safety Administration listed All American Agents of Process as Defendant's blanket agent. All-American informed Global's counsel that the law firm of Shaw Pittman was Defendant's registered agent. Although Shaw Pittman subsequently became Pillsbury Winthrop Shaw Pittman, All American stated that its service information was still valid. See Exhibit 2.

4.  Accordingly, on November 14, 2007, Global attempted service at Pillsbury Winthrop Shaw Pittman ("Pillsbury"). The process server subsequently filed an Affidavit stating that service was accepted. See (Second) Affidavit of Process Server, attached as Exhibit 4.

5.  On or about November 28, 2007, counsel for Global engaged in a telephone conversation with Steven Kramer, who identified himself as counsel for Defendant. See Exhibit 2. Mr. Kramer indicated he had learned of the service on Pillsbury and argued that service was not valid. Id. Counsel for Global informed him that, according to the process server, Pillsbury accepted service, and that the prior service attempt was unsuccessful due to Defendant's failure to maintain a registered agent. Id. Mr. Kramer stated he would recommend to his client that he accept service on its behalf contingent on an extension, and that the additional time could be used to explore settlement. Id.

6.  On November 30, 2007, Global's counsel sent a letter to Mr. Kramer requesting that he enter an appearance in the case so the preliminary injunction hearing could proceed on the 18th, and offered that he could wait one week to enter his appearance so the parties could discuss settlement in the interim. Id. Counsel for Global set forth the principal issues that must be addressed in order for the matter to be resolved via settlement. Id.

2

7.     On December 10, 2007, Mr. Kramer responded to the November 30th letter by asking that the litigation be "postponed" in exchange for his acceptance of service of process. Id. He also set forth some general parameters of a potential settlement. Id.

8.     On December 11, 2007, Jack McKay, a partner at Pillsbury, contacted Global's counsel and advised that Pillsbury is not the registered agent for Defendant and, in fact, Pillsbury had never represented Defendant and was not serving as the registered agent for anyone. Id.

9.     On December 11, 2007, Mr. Kramer informed counsel for Global that if Global proceeded to obtain an injunction that he would argue service was invalid and would seek attorney's fees in connection with a motion to vacate.

10.    In response, on December 11, 2007, Global's counsel requested that Mr. Kramer agree to enter an appearance by January 3, 2008, which would provide the extension Defendant desired and would allow ample time to reach a settlement. Id.

11.    Counsel for Global has not received a response to its December 11th request. Id.

12.    Global has requested that Defendant be served with substitute service via the D.C. Mayor pursuant to D.C. Code § 29-101.12(b). This will ensure the case may proceed in the event an agreement as to service is not reached.

## RELIEF SOUGHT

Global requests that the hearing on the preliminary injunction be continued to allow time for service. Global will advise the Court as soon as service is accomplished and will seek to set a prompt hearing.

3

Dated: December 14, 2007.

                              Respectfully submitted,

                              DOMBROFF GILMORE JAQUES & FRENCH, PC

                        By: <u>/s/ Thomas B. Almy</u>
                              Thomas B. Almy (#371235)
                              1676 International Drive, Penthouse
                              McLean, VA 22102
                              Tel. (703) 336-8723
                              Fax (703) 336-8750

                              Attorneys for Plaintiff Global Van Lines, Inc.

## CERTIFICATE OF SERVICE

      I hereby certify that on December 14, 2007, Plaintiff's Memorandum of Points and Authorities in Support of its Motion to Continue Preliminary Injunction Hearing was served on the persons identified below by the delivery method indicated:

Clerk's Office
United States District Court for the District of Columbia
By Electronic Document Filing System

Steven K. Kramer, Esq.
1120 Connecticut Ave., NW, Suite 4321
Washington, DC 20035
Fax (202) 659-0603
By U.S. First Class Mail, postage prepaid, and facsimile

Global Moving Systems, Inc.
1200 G St., NW
Washington, DC 20005
By U.S. First Class Mail, postage prepaid

Maureen Dwyer, Esq.
Pillsbury Winthrop Shaw Pittman, LLP
2300 N St., NW
Washington, DC 20037
By U.S. First Class Mail, postage prepaid

                              <u>/s/ Thomas B. Almy</u>
                              Thomas B. Almy

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GLOBAL VAN LINES, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. 1:07-cv-01965-RMC |
| | * | |
| GLOBAL MOVING SYSTEMS, INC., | * | |
| | * | Judge Rosemary M. Collyer |
| Defendant. | * | |
| | * | |

## ORDER

The Court, having considered Plaintiff's Motion to Continue the Preliminary Injunction Hearing, hereby orders that the motion be, and the same hereby is, granted. The December 18 hearing will be removed from the docket and will be reset once service is accomplished.

_____  _____
Date                                                   The Hon. Rosemary M. Collyer
                                                              UNITED STATES DISTRICT JUDGE

List of Counsel and Unrepresented Parties Entitled to Service of Order:

Thomas B. Almy
1676 International Dr., PH
McLean, VA  22102
Counsel for Plaintiff Global Van Lines, Inc.

Global Moving Systems, Inc.
1200 G St., NW
Washington, DC  20005

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| GLOBAL VAN LINES, INC., <br><br> Plaintiff, <br><br> v. <br><br> GLOVAL MOVING SYSTEMS, INC., <br><br> Defendant. | * <br> * <br> * <br> * <br> * <br> * Case No. 2005-3006 <br> * <br> * <br> * <br> * <br> * |

**AFFIDAVIT OF PROCESS SERVER**

Appeared before me this __9th__ day of __Nov. 2007__, James A. Blankenship, a process server, and stated as follows:

1. I am a private process server retained to serve process in regards to the above captioned matter.

2. I am over the age of eighteen years and am of sound mind and body.

3. I have no interest in the outcome of this suit, either personal, financial or otherwise.

4. On November 7, 2007 I appeared at the offices located at 1200 "G" Street, N.W., 8th Floor, in Washington, DC and was unable to serve the *Summons in a Civil Case* issued by this court on November 1, 2007 upon Global Moving Systems, Inc. The receptionist at above address indicated that the suite was "shared office space" and that Global Moving Systems, Inc. did not regularly maintain a presence at that address but only occasionally came in to use the facilities.

1

*[signature]*
James A. Blankenship, Process Server
PRIORITY LEGAL SERVICES, INC.
PO Box 361
Fairfax, Virginia 22038

Commonwealth of Virginia:
County of Loudoun:

Sworn to and subscribed before me this  9th  day of  Nov. 2007

*[signature]*
Notary Public

My Commission Expires:  12/31/2011

*[Notary seal: Jonathan V. Blankenship, Commonwealth of Virginia, Commission #7126948, 12-31-2011, Notary Public]*

2

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GLOBAL VAN LINES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:07cv01965-RMC |
| | ) | |
| GLOBAL MOVING SYSTEMS, INC., | ) | Judge Rosemary M. Collyer |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF MORGAN W. CAMPBELL IN SUPPORT OF MOTION TO CONTINUE PRELIMINARY INJUNCTION HEARING

I, Morgan W. Campbell, of legal age and sound mind, declare under penalty of perjury that the foregoing is true and correct:

1. The website printout attached to Plaintiff's Memorandum of Points and Authorities in Support of its Motion to Continue the Preliminary Injunction hearing reflects the results of a search for Defendant's registered agent using the Department of Consumer and Regulatory Affairs database.

2. After the service attempt on Defendant's listed registered agent failed, I researched information provided by the Federal Motor Carrier Safety Administration ("FMCSA") in an attempt to discover another location where service could be attempted. The FMCSA information listed All American Agents of Process ("All American") as Defendant's blanket agent. I contacted All American and was informed that the law firm of "Shaw Pittman" was the registered agent for Defendant in the District of Columbia. I was further informed that although Shaw Pittman subsequently became Pillsbury Winthrop Shaw Pittman ("Pillsbury"), the firm remained the registered agent for Defendant in the District of Columbia.

3. On or about November 28, 2007, I engaged in a telephone conversation with Steven Kramer, who identified himself as counsel for Defendant. Mr. Kramer indicated he had learned of the service on Pillsbury and argued that service was not valid. I informed him that, according to the process server, Pillsbury accepted service, and that the prior service attempt was unsuccessful due to Defendant's failure to maintain a registered agent. Mr. Kramer stated he would recommend to his client that he accept service on its behalf contingent on an extension, and that the additional time could be used to explore settlement.

4. On November 30, 2007, I sent a letter to Mr. Kramer requesting that he enter an appearance in the case so the preliminary injunction could proceed on the 18th, and offered that he could wait one week to enter his appearance so the parties could discuss settlement in the interim. I set forth the principal issues that must be addressed in order for the matter to be resolved via settlement.

5. On December 10, 2007, Mr. Kramer responded to the November 30th letter by asking that the litigation be "postponed" in exchange for his acceptance of service of process. He also set forth some general parameters of a potential settlement.

6. On December 11, 2007, Jack McKay, a partner at Pillsbury, advised counsel for Plaintiff that Pillsbury is not the registered agent for Defendant and, in fact, Pillsbury had never represented Defendant and was not serving as the registered agent for anyone.

7. On December 11, 2007, Mr. Kramer informed counsel for Global that if Global proceeded to obtain an injunction that he would argue service was invalid and would seek attorney's fees in connection with a motion to vacate.

8.  In response, on December 11, 2007, I asked Mr. Kramer if he would agree to enter an appearance by January 3, 2008.

9.  I have not received a response to my December 11th request.

Dated:  December 14, 2007

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Morgan W. Campbell




Organization Information

DCRA HOME
SERVICES
INFORMATION
ONLINE SERVICE REQUESTS

# Online Organization Registration
**Search Registered Organizations**

**Organization Details - Step** 1 2 3

To view another organization from the search, select the **Return to Search Results** button below. You may also **print** the organization details, or start a **new search**. Use the **Back to Main Page button** to continue the registration process.

| Organization | | Registered Agent |
|---|---|---|
| **Organization Name:** | GLOBAL MOVING SYSTEMS, INC. | PINHAS ROZEN 1200 G ST., NW; WASH, DC Washington, DC 20005 |
| **State:** | DC | |
| **Status:** | ACTIVE | |
| **Initial Date of Registration:** | 6/6/2005 | |
| **File No.:** | 251796 | |
| **Organization Type:** | DOMESTIC BUSINESS CORPORATION | |

[<< Back to Main Page]   [< Return To Search Results]   [Print Results]
[New Search]

For more information, contact the Corporations Division at (202) 442-4432 or Ask the Director .

Government of the District of Columbia
Citywide Call Center : (202) 727-1000
TTY/TDD Directory

Telephone Directory by Topic | Agencies | DC Council | Search | Elected Officials
Feedback | Translation | Accessibility | Privacy & Security | Terms & Conditions

John A. Wilson Building
1350 Pennsylvania Avenue, NW
Washington, DC 20004

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

GLOBAL VAN LINES, INC.

    Complainant

v.                                                  Case No. 07CV01965

GLOVAL MOVING SYSTEMS, INC.

    Defendant

## AFFIDAVIT OF PROCESS SERVER

    Appeared before me this ___19th___ day of __Nov. 2007__, James A. Blankenship, a process server, and stated as follows.

1. I am a private process server retained to serve process in regards to the above captioned matter.
2. I am over the age of eighteen years and am of sound mind and body.
3. I have no interest in the outcome of this suit, either personal, financial, or otherwise.

4. On November 14, 2007, I appeared at the office of Pillsbury Winthrop Shaw Pittman, LLP, Registered Agent of Global Moving Systems, Inc. located at 2300 "N" Street, NW, Washington, DC and served a true copy of the following:

*Summons in a Civil Case, Notice of Right to Consent to Trial Before United States Magistrate Judge, Initial Electronic Case Filing Order, Consent to Proceed Before a United States Magistrate Judge for All Purposes, Complaint, Certificate Under LCvR 7.1, Proposed Order Granting Global Van Lines, Inc.'s, Motion for a Preliminary Injunction, Motion for a Preliminary Injunction, Memorandum of Points and Authorities in Support of Global Van Lines' Motion for a Preliminary Injunction, Proposed Findings of Fact and Conclusions of Law on Plaintiff's Motion for a Preliminary Injunction*

on Maureen Dwyer, Managing Partner, who verbally indicated that she is authorized to accept service for Pillsbury Winthrop Shaw Pittman, LLP, Registered Agent of Global Moving Systems, Inc.. Service was effected on said date at approximately 03:26 PM.


James A. Blankenship
Process Server,
Priority Legal Services
P.O. Box 361
Fairfax, VA 22038
(703) 421-5400


Commonwealth of Virginia:
County of Fairfax:

Sworn to and subscribed before me this 19th day of Nov 2007

Notary Public

My Commission Expires: 12/31/2011